IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOWARD BOYD, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:22-cv-00422 |
| ) | Judge Richardson / Frensley |
| UNITED PARCEL SERVICE,[1] ) | Jury Demand |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I.      INTRODUCTION AND BACKGROUND**

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 6. Defendant has contemporaneously filed a supporting Memorandum of Law arguing that Plaintiff's claims for common-law "infringement," "invasion of privacy," "business interference," harassment, "willful and wanton negligence," and sex discrimination[2] should be dismissed for failure to state a claim upon which relief can be granted because: (1) Tennessee does not provide for any common-law claims of "infringement" of unidentified rights and generalized "harassment"; (2) Plaintiff's claims of "willful and wanton negligence" and "sex discrimination" are pre-empted by the Tennessee Human Rights Act ("THRA")[3]; and (3) because

---

[1] Plaintiff improperly names United Parcel Service as a Defendant in this action. The properly named Defendant should be Plaintiff's former employer United Parcel Service, Inc., an Ohio Corporation, and it is United Parcel Service, Inc., an Ohio Corporation that files the instant Motion.

[2] As will be discussed in greater detail *infra*, Plaintiff states in his Response to Defendant's supporting Memorandum of Law that he "has not pled claims for workplace harassment, workplace sexual harassment, or sexual harassment" and he "respectfully withdraws claims of Willful and Wanton Negligence, and Sex Discrimination," and also "respectfully withdraws [his] claim of Business Interference." Docket No. 12. Because Plaintiff withdraws those claims, the undersigned will not analyze them and they should be dismissed.

[3] As noted, Plaintiff has withdrawn his claims of "willful and wanton negligence" and "sex discrimination." Docket No. 12.

Plaintiff has failed to plead facts which would support claims of invasion of privacy and "business interference."[4] Docket No. 7.

Plaintiff has filed two Responses: the first, a Response to Defendant's Motion to Dismiss; and the second, a Response to Defendant's Supporting Memorandum of Law. Docket Nos. 11, 12. Plaintiff's Responses argue that the Supreme Court's decision in *Vance v. Ball State University*, 570 U.S. 421 (2013) forms the basis of his Complaint. *Id.* Specifically, Plaintiff argues that because he was a "low-level, part-time, non-exempt, hourly-paid supervisor for UPS," Defendant's directive for him to stay away from the hourly employee who complained about him was improperly about Defendant protecting itself because it considered Plaintiff to be "a liability," but that under *Vance*, low-level supervisors who hold no capacity to hire, fire, demote, promote, transfer, discipline, or impact the employment status of an employee (like he was), present no liability to a corporation like Defendant. *Id.* Plaintiff contends that he was not a liability to Defendant and that Defendant's "repeated leveraging of threats of termination and harassing behaviors directed at Plaintiff were baseless and reached beyond the footprint of UPS and into the private life and private affairs of the Plaintiff," resulting in the creation of "an environment that left Plaintiff believing there was no other alternative except to leave UPS employment." *Id.* Plaintiff maintains that "The actions of UPS, flies [*sic*] in the face of *Vance*." *Id.*

By way of general background, Plaintiff relays as follows: He owns a business and was also working for Defendant part-time. *See, e.g.*, Docket No. 1-2. As part of his business, Plaintiff hired another of Defendant's hourly employees to do some work for him. *Id.* A dispute ensued between Plaintiff and the hourly employee he hired to do some work for him. *Id.* The other employee complained to Defendant and Defendant told Plaintiff not to communicate with that

---

[4] As noted, Plaintiff has withdrawn his claims of "business interference." Docket No. 12.

2

employee or he would be fired. *Id.* Plaintiff argues that Defendant "has no affiliation with the Plaintiff's business nor the project in which the Hourly was assisting." Docket No. 12. Plaintiff contends that Defendant "is a third party to the conflict between the Hourly and the Plaintiff, which took place off UPS grounds, between a business owner and a contract employee." *Id.* Plaintiff asserts, "As a third party, UPS's actions were an infringement of the Plaintiff's rights to communicate with the Hourly and resolve any conflict." *Id.*

Plaintiff argues that Defendant created an "intimidating, hostile, abusive and threatening" working environment by instructing him to not communicate with the other employee, threatening to terminate him if he did, and assigning the other employee to deliver packages on a route that included Plaintiff's residence. *Id.*

Additionally, Plaintiff states in his Responses that he "has not pled claims for workplace harassment, workplace sexual harassment, or sexual harassment" and he "respectfully withdraws claims of Willful and Wanton Negligence, and Sex Discrimination," and also "respectfully withdraws [his] claim of Business Interference." *Id*.

Defendant has filed a Reply, arguing that "Plaintiff's Responses do not and cannot point to any statutory or common law claim for 'infringement,'" because such claim is not cognizable under the law. Docket No. 16. Defendant further replies that the legal analysis and holding of *Vance* "have absolutely no bearing on the legal sufficiency of the allegations asserted in the Plaintiff's Amended Complaint." *Id.* With regard to Plaintiff's invasion of privacy claim, Defendant replies that Plaintiff's allegations are legally insufficient even when viewed in the light most favorable to him, because an "essential element of an invasion of privacy claim is that the offender must have intruded upon the solitude or seclusion of another." *Id., quoting Stinson v. Mensel*, No. M2016-00624-COA-R3-CV, 2017 Tenn. App. LEXIS 471, *19 (Tenn. Ct. App. July

3

12, 2017). Defendant notes that there is "no liability unless the interference with the plaintiff's seclusion is a substantial one … as the result of conduct to which the reasonable man would strongly object." *Id., Roberts v. Essex Microtel Assocs.,* 46 S.W. 3d 205, 210 (Tenn. Ct. App. 2000).

Specifically, Defendant argues that "the totality of the alleged conduct which underpins Plaintiff's invasion of privacy claim consists of the following: (1) UPS's alleged instruction that Plaintiff cease contact with the hourly employee; (2) UPS's alleged threat to terminate Plaintiff should he continue to interact with the hourly employee; and (3) UPS's alleged assignment of the hourly employee to a package delivery route that included Plaintiff's home and which resulted in the hourly employee delivering packages to Plaintiff's **porch** 'on three occasions.'" *Id., citing* Docket No. 1-2. (Emphasis in Defendant's Reply.) Defendant argues that none of this alleged conduct constitutes an invasion into Plaintiff's privacy. *Id.* Defendant contends that, by ordering the packages to be delivered, Plaintiff invited the delivery, and such a delivery is not an invasion of privacy. *Id.* Defendant further contends that a person is not in "solitude or seclusion" at their place of employment, "and an employer's investigation into an employee's personal affairs does not invade their privacy to the extent that it relates to their workplace," such that Plaintiff has failed to state an invasion of privacy claim and it should be dismissed. *Id.*

Plaintiff, *pro se*, originally filed this action in the Circuit Court for Davidson County, Tennessee on April 7, 2022. *See* Docket No. 1-2. Plaintiff thereafter filed an Amended Complaint in the Circuit Court for Davidson County, Tennessee on April 26, 2022, seeking, *inter alia*, compensatory damages in an amount of "not less than 138,400" and punitive damages in an amount of "not less than $200,000." *Id.* On June 9, 2022, Defendant removed this action from the Circuit Court for Davidson County, Tennessee to this Court on the basis of diversity jurisdiction.

4

*See* Docket No. 1.

For the reasons discussed below, the undersigned finds that Plaintiff's Amended Complaint (Docket No. 1-2, Pp. 33-61) fails to state a claim upon which relief can be granted, such that this case should be dismissed. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 6) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

### II. FACTUAL ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT[5]

Plaintiff is the sole proprietor of Final Inspection, a small home improvement business registered in the state of Tennessee. Plaintiff also worked as a low-level, part-time, non-exempt, hourly-paid supervisor, for UPS at their Whites Creek Distribution Center, located in Davidson County, Tennessee. Plaintiff was employed at the UPS Whites Creek hub from January 12, 2015 until Apri19, 2021. From May 24, 2017 until November 7, 2020, Plaintiff worked in the Package Division at this same UPS location. As a low-level supervisor, Plaintiff held no capacity to "hire, fire, demote, promote, transfer, or discipline," or to impact the employment status of any UPS employee.

In January of 2020, an hourly-paid union employee ("the Hourly"), who worked under Plaintiff's supervision roughly 10-to-12 times per year, approached Plaintiff about weekend work at Final Inspection, in order to earn some extra income. On March 29, 2020, while working for Plaintiff and Final Inspection as a contract laborer, the Hourly became angry with Plaintiff, and walked off the jobsite, without explanation.

At some point, the Hourly issued a complaint to UPS, about Plaintiff. Despite inquires, UPS would not reveal the nature of the complaint to Plaintiff. On May 13, 2020, Plaintiff issued a

---

[5] Unless otherwise noted, the following facts are taken from Plaintiff's Amended Complaint. Docket No. 1-2, pp. 33-61.

formal, written complaint to UPS, outlining sexual harassment and retaliation, about the Hourly. UPS ignored Plaintiff's complaint as frivolous nonsense. From April 2, 2020 through April 8, 2021, UPS continuingly threatened to terminate Plaintiff, should Plaintiff have any contact with the Hourly, at any place or at any time.

Plaintiff was told by management that Plaintiff was a liability to the UPS organization.

On April 8, 2021, the Plaintiff left UPS.

### III. LAW AND ANALYSIS

#### A. Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The court will construe the complaint in the light most favorable to the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8.

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative

6

Case 3:22-cv-00422   Document 17   Filed 10/12/22   Page 6 of 9 PageID #: 216

level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B.     The Case at Bar**

As an initial matter, Plaintiff expressly states in his Response that he "has not pled claims for workplace harassment, workplace sexual harassment, or sexual harassment" and further states that he "respectfully withdraws [his] claims of Willful and Wanton Negligence, and Sex Discrimination," and also "respectfully withdraws [his] claim of Business Interference." Docket No. 12. Accordingly, those claims should be dismissed.

With regard to Plaintiff's claim of "infringement," Plaintiff fails to cite to any authority establishing either the elements of, or right of recovery for, such a claim. Defendant argues that this is because such claim is not cognizable under the law. As discussed above, in order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential

7

allegations respecting all material elements under some viable legal theory. *Allen*, 411 F.3d at 716. Plaintiff's Amended Complaint fails to do so. Because Plaintiff's Amended Complaint fails to contain either direct or inferential allegations respecting all material elements under some viable legal theory (namely, "infringement"), Plaintiff cannot prevail on this claim and it should be dismissed.

Finally, with respect to Plaintiff's claim of "invasion of privacy," Plaintiff's allegations are insufficient because, even taking Plaintiff's allegations as true, Plaintiff cannot establish that Defendant intruded upon his solitude or seclusion. Specifically, Plaintiff's invasion of privacy claim is based upon the following allegations: (1) Defendant's instruction that Plaintiff cease contact with the hourly employee; (2) Defendant's threat to terminate Plaintiff should he continue to interact with the hourly employee; and (3) Defendant's assignment of the hourly employee to a package delivery route that included Plaintiff's home and which resulted in the hourly employee delivering packages to Plaintiff's porch on three occasions. *See* Docket No. 1-2.

In order to establish his "invasion of privacy" claim, Plaintiff must establish that Defendant intentionally intruded upon his solitude, seclusion, or other private affair, and must also establish that the intrusion would be highly offensive to a reasonable person. *See, e.g., Roberts v. Essex Microtel Assocs*, 46 S. W. 3d 205, 210 (Tenn. Ct. App. 2000). Plaintiff's allegations simply do not establish that Defendant, in instructing Plaintiff to cease contact with the hourly employee and threatening to fire Plaintiff should he continue such interaction, intruded upon Plaintiff's solitude, seclusion, or other private affair, as a person is not in solitude or seclusion at their place of employment. Plaintiff's claim that Defendant assigned the hourly employee to a package delivery route that included Plaintiff's home, resulting in the hourly employee delivering packages to Plaintiff's porch on three occasions, likewise fails to establish that Defendant intruded upon

Plaintiff's solitude, seclusion, or other private affair, as, on three occasions, the employee simply left the packages on the porch. Moreover, not only do Plaintiff's allegations fail to establish that Defendant intentionally intruded upon his solitude, seclusion, or other private affair, they fail to establish that any such intrusion would be highly offensive to a reasonable person. Accordingly, Plaintiff cannot prevail on this claim and it should likewise be dismissed.

### IV. CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's Amended Complaint (Docket No. 1-2, Pp. 33-61) fails to state a claim upon which relief can be granted, such that this case should be dismissed. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 6) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**